IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Bruce James Suttles, #1489812,** | ) | Case No. 2:16-cv-3297-TLW-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| **North Carolina, State of,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Bruce James Suttles ("Plaintiff") is a state prisoner incarcerated at the Harnett Correctional Institution located in Lillington, North Carolina. Plaintiff is proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the Plaintiff's Complaint and to submit proposed findings of fact and conclusions of law to the United States District Judge. Having carefully reviewed the record, the undersigned Magistrate Judge recommends that this case be **dismissed**, without prejudice, for the following reasons:

**I. Background**

The face of the present Complaint is captioned "In the United States District Court for the Eastern District of North Carolina." (DE# 1). Although this indicates that the *pro se* Plaintiff intended to bring his case in the United States District Court for the Eastern District of North Carolina, he mailed it on September 25, 2016 to the United States District Court for the District of South Carolina located in Columbia, South Carolina. The Complaint was received and entered in the docket on September 30, 2016. (DE# 1-2).

Review of the Complaint indicates that the *pro se* Plaintiff is suing the State of North Carolina in order to be removed from North Carolina's sex offender registry. He states that he "wishes and preys (sic) by this Petition to be removed from the sex offender registry in North Carolina as well as any/all states in the United States of America." (DE# 1 at 1). According to Plaintiff, he has been on the North Carolina registry for over 16 years and has not been charged with any other sex offenses. (*Id.* at 2). Plaintiff indicates that he believes other prisoners have been removed from the sex offender registry after ten years if they have not committed another sex crime. (*Id.*). He indicates that he has been "imbarrest (sic) and harrassed (sic)" while on the sex offender list. (*Id.* at 3). The Plaintiff wants to be relieved of the obligation to register as a sex offender.

An online public records check of the state prisoner index for North Carolina indicates that the Plaintiff has been convicted of various criminal offenses in the past 16 years. He is currently serving a sentence of five years imprisonment for felony convictions for "habitual felon (principal)" and "assault on officer/state employee (principal)." The "county of conviction" is listed as "Buncombe County" in North Carolina. The dates of these criminal offenses are listed as 12/01/2014 and 04/07/2014. Plaintiff was convicted of such offenses on December 17, 2015. At present, his "Projected Release Date" is 08/26/2017. See http://webapps6.doc.state.nc.us.[1]

## II. *Pro se* Pleadings are Liberally Construed

---

[1] Additionally, an online Westlaw search reflects that, in the State of South Carolina, Plaintiff has pending indictments for armed robbery, burglary second degree, and assault first degree (Thirteenth Judicial Circuit, Greenville County, Indictment No. 0000GS23), failure to register as a sex offender in 2012 (Tenth Judicial Circuit, Anderson County, Indictment No. 2012GS0402256), and "sex/peeping Tom, eavesdropping or peeping" in 2010 (Sixteenth Judicial Circuit, York County, Indictment No. 0000GS46).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## III. Discussion

Plaintiff complains that he must comply with the sex offender registration requirements of North Carolina law. He seeks to be removed from the list of sex offenders who must register. See N.C. Gen.Stat. § 14–208.12A (2009). The North Carolina Sex Offender and Public Protection Registration Program ("Registration Program") is intended "to assist law enforcement agencies' efforts to protect communities by requiring persons who are convicted of sex offenses or of certain other offenses committed against minors to register with law enforcement agencies, to require the exchange of relevant information about those offenders among law enforcement agencies, and to authorize the access to necessary and relevant information about those offenders to others as provided in this Article." *In re Borden*, 216 N.C.App. 579, 685 (N.C. Ct. App. Nov. 1, 2011) (citing N.C. Gen.Stat. § 14–208.5).

The Registration Program requires the following persons to register:

> A person who is a State resident and who has a reportable conviction shall be required to maintain registration with the sheriff of the county where the person resides. If the person moves to North Carolina from outside this State, the person shall register within three business days of establishing residence in this State, or whenever the person has been present in the State for 15 days, whichever comes first.

N.C. Gen.Stat. § 14–208.7(a). The state statute requires that registration "be maintained for a period of at least 30 years following the date of initial county registration unless the person, after 10 years of registration, successfully petitions the superior court to shorten his or her registration time period under G.S. 14–208.12A." *In re Borden*, 216 N.C. App. at 686 (holding that the state legislature intended for "initial county registration" to mean initial county registration in North Carolina).

N.C. Gen.Stat. § 14–208. 12A(a) further provides that: "Ten years from the date of initial county registration, a person required to register under this Part may petition the superior court to terminate the 30–year registration requirement if the person has not been convicted of a subsequent offense requiring registration under this Article." The Supreme Court of North Carolina has held that a previously registered sex offender is required to report his change of address following release from incarceration. *State v. Barnett*, 368 N.C. 710, 714-15 (2016). "As long as the registrant remains incarcerated, his address is that of the facility or institution in which he is confined." *Id*. (citing *State v. Abshire*, 363 N.C. 322, 331 (2009) (concluding that "a sex offender's address indicates his or her residence, meaning the actual place of abode where he or she lives, whether permanent or temporary"), superseded on other grounds by statute, An Act to Protect North Carolina's Children/Sex Offender Law Changes, ch. 247, sec. 8(a), 2005 N.C. Sess. Laws (Reg. Sess. 2006) 1065, 1070–71).

Review of the Complaint reflects that **the relief sought by Plaintiff concerns only a matter of state law**. The present Complaint does not refer to any federal statute or any specific constitutional rights. Although courts liberally construe *pro se* pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Myers v. McKnight*, Case No. 2:10–-cv-3259–RMG–RSC, 2011 WL 221867 at *7 (D.S.C. Jan. 5 2011), *adopted by* 2011 WL 219847 (D.S.C. Jan. 24, 2011) (dismissing lawsuit because it concerned matters exclusively within the jurisdiction of the state courts).

Fed.R.Civ.P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." Even liberally construed, the Plaintiff's present Complaint fails to allege facts that would provide any proper basis for subject matter jurisdiction, under either federal question or diversity jurisdiction. The present Complaint is therefore subject to summary dismissal. *See, e.g., Brunson v. United States*, Case No. 3:14–cv-2540–JFA–PJG, 2014 WL 4402803 (D.S.C. Sept. 3, 2014) (summarily dismissing complaint because the allegations were insufficient to establish subject matter jurisdiction in the federal court).

Fed.R.Civ.P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Carter v. Ervin*, Case No.

0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C.) ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir. 2014). Although the absence of subject matter jurisdiction may be raised at any time during the case, the Fourth Circuit Court of Appeals has held that determining subject-matter jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The facts alleged in the present Complaint do not provide any basis for federal subject matter jurisdiction, nor do they suggest the existence of any cognizable federal issue. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (holding that complaint's allegations did not involve any federal controversy) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)); *Gibson v. Chaplin*, Case No. 3:13-cv-2490-JFA-PJG, 2013 WL 6150782, *1 (D.S.C. Nov. 21, 2013) ("this court does not have subject matter jurisdiction over this case … the allegations contained in the complaint are insufficient to show that the case in one arising under the Constitution, laws, or treaties of the United States").

Even when liberally construed, the present Complaint does not concern any federal constitutional issues that would be cognizable under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint does not allege that any right secured by the Constitution or law of the United States was violated.

Moreover, the Plaintiff may pursue an available remedy in the state courts of North Carolina. The North Carolina sex offender statute expressly provides that a petitioner (such as

the present Plaintiff) who wishes to shorten his sex offender registration time period may seek relief in the "superior courts" of North Carolina. *Id*.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that this case be **dismissed without prejudice**, and without issuance or service of process.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 12, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **Important Notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).